I respectfully dissent from the conclusion of the majority that genuine issues of material fact do not exist with regard to the second and third prongs of Fyffe. The employer was sufficiently aware of the danger of injury to order periodic replacement the seal on the door of the wheel abrator and to require a safety protocol for the floor area around the machine. Whether the employer knew that slipping on metal shot scattered on a concrete floor was substantially certain to result in injury would seem to be self-evident. However, at the very least, there is a genuine issue of material fact on this point.
The injured employee was performing his job in the general vicinity of the wheel abrator at the time and place of his injury. Presumably this job includes getting on and off the tow motor at various locations in the plant including the location of the injury. The fact that he may or may not have been aware of the danger from leaking shot in that location may raise an issue of fact about his actions and/or the adequacy of the safety protocol of the employer in the extended area around the wheel abrator, but does not constitute grounds for disposing of his claim as a matter of law. The fact that the injury did not appear to have been directly related to the actual operation of the tow motor is irrelevant.
In sum, I find the circumstances of this case to be strikingly parallel to the case of Gibson v. Drainage Products, Inc (Nov. 18, 2002), Paulding App. No. 11-99-14, recently decided by this court in which we reversed a similar summary judgment and remanded the case for trial. I fail to see any basis for abandoning the Gibson analysis in the case before us. For these reasons, I would reverse the summary judgment and remand this case for trial.